UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOROTHY J. MARTIN,                      Case No. 1:19-cv-667
    Plaintiff,                                      Barrett, J.
                                                     Litkovitz, M.J.

vs.

U.C. MEDICAL CENTER,                 **REPORT AND**
    Defendant.                              **RECOMMENDATION**

## I. Introduction

Plaintiff Dorothy J. Martin filed this pro se action against defendant U.C. (University of Cincinnati) Medical Center (UCMC) on August 16, 2019, alleging violations of her civil rights under 42 U.S.C. § 1983 and violations of Ohio law. (Doc. 1). Plaintiff filed an amended complaint on September 5, 2019. (Doc. 9). This matter is before the Court on defendant's amended motion to dismiss the amended complaint (Doc. 11), plaintiff's response in opposition (Doc. 13)[1], and defendant's reply memorandum (Doc. 15). The matter is also before the Court on plaintiff's motion requesting copies of her complaint and amended complaint from the Court (Doc. 10); a motion to require defendant to mail copies of pleadings to her (Doc. 17), which defendant moves to strike (Doc. 18); and a motion to require defendant to answer the complaint (Doc. 16), which defendant moves to strike (Doc. 19). Finally, plaintiff has filed a motion in limine seeking to bar defendant from submitting to this Court portions of motions that defendant filed in the Hamilton County, Ohio Court of Common Pleas (Doc. 20), which defendant opposes (Doc. 22).

---

[1] Plaintiff also filed a duplicate of the response. (Doc. 14).

## II. Allegations of the amended complaint

Plaintiff makes the following allegations in the amended complaint (Doc. 9). Defendant UCMC, acting under color of state law, violated plaintiff's rights as guaranteed under the United States Constitution and Ohio Rev. Code Ch. 5122, which governs hospitalization of the mentally ill. (*Id*. at 3). Plaintiff alleges that twice within seven days, and without a court order or due process of law, she was forced into UCMC's hospital. (*Id*., citing Exh. 16). She alleges this first happened on July 23 to 25, 2013. (*Id*. at 3). Plaintiff claims that defendant's doctors, nurses, and healthcare workers deprived her of autonomy over her body without a court order or her informed consent. (*Id*. at 3, citing Exh. 3). Plaintiff alleges that defendant performed medical experiments and medical and psychological procedures on her, including withdrawing her blood, taking urine samples and x-rays, performing CT scans, and monitoring her vital signs; defendant created mental and medical records; and defendant placed her health in danger. (*Id*. at 3-7, citing Exhs. 6, 7, 9). Plaintiff also alleges that defendant committed fraud when it used her insurance without her consent to pay for illegal services it provided and threatened to turn over the bills to a collection agency. (*Id*. at 1, 20). Plaintiff alleges she was injected with several medications that were unrelated to her physical or mental health history, including an antibody for syphilis even though she has no sexually transmitted disease (*Id*. at 5, citing Exh. 9); a thyroid-stimulating hormone that made the growth of a tumor in her body likely (*Id*., citing Exh. 10); an antipsychotic drug even though she had no history of mental health issues (*Id*. at 6, citing Exh. 7); and an anticoagulant despite her having no history of blood clots or circulation issues (*Id*., citing Exh. 7).

Plaintiff alleges that she was illegally imprisoned by defendant, without a court order and without due process of law, again on July 29, 2013. (Doc. 9 at 7, citing Exh. 16). Plaintiff

2

claims that defendant's staff once again performed invasive procedures and conducted psychological analysis and evaluations of her. (*Id*. at 8, citing Exhs. 14, 15, 1 7). She alleges that defendant's staff illegally compiled medical and mental health records and illegally used that evidence against her in a trial in the Hamilton County, Ohio Probate Court on August 7, 2019 in the case of *In the Matter of Dorothy Martin*, Case No. MI 2013000626. (*Id*. at 8-9). She alleges that the trial proceedings violated Ohio Rev. Code §§ 5122.05(A)(1), 5122.10, 5122.11, and 5122.13, and 5122.19, which govern involuntary hospitalization, emergency hospitalization, court-ordered treatment of mentally ill persons, and mandate that a court order be obtained before a mentally-ill person is hospitalized on an emergency basis. (*Id*. at 9, citing Exhs. 18, 20).

Plaintiff alleges defendant is liable for violating the Fourth and Fourteenth Amendments by detaining her for almost two weeks without a court order and without due process of law; falsely imprisoning her; performing invasive medical experiments which placed her health and life in jeopardy; and performing medical and psychological analyses and evaluations without a court order and without plaintiff's informed consent. (*Id*. at 4, 8, 9, 10, 20). Plaintiff alleges that she was subjected to false imprisonment for almost two weeks without a court order and without due process of law, and her health and life were placed in danger by defendant's experiments. Plaintiff alleges that on August 1, 2013, UCMC staff intentionally violated the Fourth and Fourteenth Amendments, the "Fruit of the Poisonous Tree Doctrine," and Ohio Rev. Code § 5122.19 because they did not have certification that plaintiff was subject to a court order. (*Id*. at 14). Plaintiff alleges that no court order had been issued prior to August 7, 2013, and the probate court hearing that was held constituted malicious abuse of legal process. (*Id*, citing Exh. 18). Plaintiff alleges the probate court denied her due process and created an environment for UCMC

3

to strip plaintiff of her human dignity and human rights. (Doc. 9 at 19). Plaintiff seeks to have defendant destroy all records related to her which pre-date August 7, 2013. (*Id*. at 14).

Plaintiff indicates in the amended complaint that she filed a previous lawsuit against UCMC in the Hamilton County Court of Common Pleas: No. A1901931, *Dorothy J. Martin v. U.C. Medical Center*. (Doc. 9 at 4, 15; *see* Exh. 13). Plaintiff alleges that the presiding judge erroneously dismissed her case on the ground defendant was not a state actor who could be held liable under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that both the probate court and the Hamilton County Court of Common Pleas failed to protect her Fourth and Fourteenth Amendments, which were violated when she was falsely imprisoned twice without due process of law by defendant on July 23, 2013 to July 25, 2013 and July 29, 2013 to August 7, 2013. (*Id*. at 17-18). Plaintiff claims the state court judgments are inconsistent with federal law. *Id*. She asks this Court not to apply the Ohio statute of limitations to her case, which was a basis for dismissal of her state court claims, because she alleges that neither the probate court nor the court of common pleas protected her federal constitutional rights. (*Id*. at 17-19).

**III. Miscellaneous motions**

Plaintiff moves the Court to send her copies of her complaint and amended complaint "[p]ossibly for future purposes." (Doc. 10). Even assuming plaintiff is indigent, she does not have the statutory right to receive copies of court documents without payment. *See Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (stating that 28 U.S.C. § 1915 does not include the right to obtain copies of court documents and denying the plaintiff's request for copies of papers he sent to the court absent a showing of the need for such copies). Moreover, plaintiff has not shown that she has a need for these copies. She should have copies of the original and amended

complaints, which she drafted and submitted to the Court. She has not explained why she needs additional copies. Plaintiff's motion (Doc. 10) is denied.

Plaintiff also moves the Court to require defendant mail her copies of "all pleadings by certified mail." (Doc. 17). Plaintiff filed her motion on October 15, 2019, and alleged she had not received a copy of defendant's reply in support of its amended motion to dismiss filed on October 4, 2019. (*Id.*). Defendant moves to strike plaintiff's motion under Fed. R. Civ. P. 12(f) on the grounds it does not comply with the Federal Rules or the Local Rules of this Court and her motion is moot. (Doc. 18). Defendant states it mailed its memorandum in support of the motion to dismiss to plaintiff by regular U.S. mail on October 4, 2019, and it mailed another copy to her on October 15, 2019. (*Id.*). The Court's docket reflects that on October 4, 2019, defendant certified that plaintiff would receive a copy of the reply memorandum by regular mail. (Doc. 15 at 3). If plaintiff did not receive a copy of the reply memorandum that defendant sent to her via regular mail on October 4, 2019, plaintiff should have received the second copy that defendant mailed to her on October 15, 2019. Thus, plaintiff's request that defendant send this document to her by certified mail is moot. Plaintiff has not shown a need to have all of defendant's future filings sent to her via certified mail. Plaintiff's motion (Doc. 17) is denied. Defendant's request to strike plaintiff's motion (Doc. 18) is denied as moot.

Plaintiff has filed a motion to require defendant to answer the complaint (Doc. 16), which defendant moves to strike (Doc. 19). Plaintiff alleged that as of October 15, 2019, defendant had not filed an answer to her original complaint dated August 16, 2019. (Doc. 16). Defendant moves to strike plaintiff's motion under Fed. R. Civ. P. 12(f) on the ground it does not comply with the Federal Rules and the Local Rules. (Doc. 19). Defendant notes that plaintiff filed an amended complaint on September 6, 2019 (Doc. 9), which defendant moved to dismiss on

5

September 13, 2019 (Doc. 11). Defendant correctly asserts it has responded to the amended complaint and need not file an answer until the motion to dismiss is resolved. (Doc. 19 at 1, citing Fed. R. Civ. P. 12(a)(4) (if the court denies a Rule 12 motion, the responsive pleading must be served within 14 days after notice of the court's action). Plaintiff's motion (Doc. 16) is therefore denied. Defendant's motion to strike plaintiff's motion (Doc. 19) is denied as moot.

Finally, plaintiff seeks to bar defendant from submitting to this Court portions of motions filed by defendant in the Hamilton County Court of Common Pleas. (Doc. 20). Plaintiff alleges those motions contain false assertions of fact and malicious statements about the contents of her amended complaint, which she disputes. Defendant argues in response that a motion in limine is not proper here because such motions are generally used to manage trials by eliminating "evidence" that is inadmissible for any purpose, and the admissibility of evidence is not at issue presently at the pleading stage of this case. (Doc. 22 at 1, citing *llman v. Auto-Owners Mut. Ins. Co.*, No. 2:05-cv-1000, 2007 WL 3168808, at *1 (S.D. Ohio Oct. 25, 2007)). *See also Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir. 1997) ("Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose.")).

A motion in limine is not necessary or proper at this stage of the proceedings. The Court has not considered defendant's state court filings, which are not material to resolution of the motion to dismiss. Plaintiff's motion in limine (Doc. 20) is therefore denied.

**IV. Motions to dismiss/motion for judgment on the pleadings**

    **A. Standard of review**

When deciding a Rule 12(b)(6) motion to dismiss, the Court must construe all factual

allegations as true and in the light most favorable to the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin–Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Keys*, 684 F.3d at 608 (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly,* 550 U.S. at 555, 570). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Documents filed by pro se plaintiffs are "to be liberally construed," and pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erikson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a pro se litigant is required to meet "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When deciding a motion to dismiss, the Court can consider "the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.,* 672 F.3d 396, 399 (6th Cir. 2012). "While documents integral to the

7

complaint may be relied upon . . . it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Ouwinga v. Benistar 419 Plan Serv. Inc.*, 694 F.3d 783, 797 (6th Cir. 2012) (citing *Mediacom Se. LLC*, 672 F.3d at 400; *Knowlton v. Shaw*, 708 F. Supp. 2d 69, 75 (D. Me. 2010) ("[I]f the parties do not dispute a central document, a court may consider it in ruling on a motion to dismiss; yet, if there is a genuine dispute, the legal sufficiency of the cause of action is better tested in a motion for summary judgment.")).

### B. Res judicata

Defendant argues that plaintiff is precluded from bringing her claims under the doctrine of res judicata, or claim preclusion. (Doc. 11). The doctrine of res judicata bars parties or their privies "from relitigating claims that were actually litigated, or could have been litigated, in a previous action." *Ater ex rel. Ater v. Follrod*, 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002) (citing *Grava v. Parkman Twp.,* 653 N.E.2d 226, 229 (Ohio 1995)). Res judicata requires federal courts to give state court judgments the same preclusive effect that the rendering state court would give the judgments, and federal courts must apply the law of the state where the judgment was issued to determine the preclusive effect of the state court judgment on the federal action. *Id*., n.2 (citing 28 U.S.C. § 1738; *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999)). Because plaintiff filed her prior action in Ohio state court, this Court must apply the preclusion principles of Ohio law. *See Id*.

Under Ohio law, a party who invokes the doctrine of res judicata must prove four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action

8

arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (citing *In re Fordu,* 201 F.3d at 703-04) (construing Ohio law)).

Ohio's doctrine of res judicata forecloses relitigation of the claims raised by plaintiff in this lawsuit. First, a court of competent jurisdiction - the Hamilton County, Ohio Court of Common Pleas - issued a valid decision on the merits of plaintiff's constitutional claims in Case No. A1901931. Hamilton County Common Pleas Judge Ethna M. Cooper granted UCMC's motion for judgment on the pleadings/motion to dismiss. (Doc. 7-5). Plaintiff's complaint was dismissed on the merits on June 24, 2019. (*Id.*). The court found that plaintiff's Fourth and Fourteenth Amendment claims failed because UCMC is not a state actor, UCMC was not acting under color of state law, and UCMC could not be held liable under the exclusionary rule for using evidence of plaintiff's mental state at a hearing on August 7, 2013 because UCMC is not a court or a law enforcement agency. *Id.* at 1.

The state court also found that plaintiff's claims brought under state law failed on the merits. First, plaintiff's "medical claim" under Ohio Rev. Code § 2305.113 failed to state a claim for relief and was subject to dismissal under Ohio Civ. R. 10(D)(2). because (1) plaintiff had not filed an affidavit of merit as required under Rule 10(D)(2)[2], and (2) plaintiff's medical claims were time-barred by the applicable statute of limitations. (*Id.* at 2-4). Second, plaintiff's claims for false imprisonment, assault and battery, and fraud were all time-barred. (*Id.* at 4). Third, plaintiff's claims under Ohio Rev. Code Ch. 5122 were without merit because UCMC followed the proper procedures outlined under Chapter 5122 for hospitalization of the mentally ill. (*Id.*). Specifically, by submitting an affidavit on August 1, 2013, UCMC had complied with

---

[2] Under Ohio law, "a complaint that contains a medical claim. . . as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2).

9

the Ohio statutory affidavit requirements (§§ 5122.10, 5122.11), which required an affidavit for only the second hospital stay from July 29 to August 7, 2013. (*Id*.). Further, plaintiff acknowledged that she was afforded a hearing on August 7, 2013 pursuant to Ohio Rev. Code § 5122.141[3], so that any claims that UCMC prohibited a hearing were moot. (*Id*.). In addition, though plaintiff claimed that UCMC violated Ohio Rev. Code § 5122.19[4], the state court found that this claim lacked factual support and that plaintiff had acknowledged that an affidavit in support of her continued hospitalization was submitted on August 2, 3013. (*Id*. at 5). The state court found that the remaining provisions of Ohio Rev. Code Ch. 5122 that UCMC allegedly violated were inapplicable because UCMC is not a medical board to which § 5122.13 applies; plaintiff cited no facts to indicate that UCMC had denied her the opportunity to follow the procedures set forth in § 5122.30, which govern a writ of habeas corpus; and § 5122.21, which requires the re-assessment of a patient's mental state at least every 30 days, was irrelevant because plaintiff's "hospitalization lasted a total of twelve days over the course of two separate hospitalizations." (*Id*. at 5).

The state court judgment issue by Judge Cooper is final. Plaintiff did not appeal the judgment to the Ohio Court of Appeals. *See* https://www.courtclerk.org/data/case_summary.php. The first prong of the res judicata analysis is satisfied.

---

[3] Section 5122.141 requires that a person who is involuntary hospitalized shall receive a hearing to determine whether or not they are a mentally ill person subject to court order within five court days of the day they are detained or an affidavit is filed, whichever occurs first. Ohio Rev. Code § 5122.141.

[4] Section 5122.19 requires that: "Every person transported to a hospital or community mental health services provider pursuant to sections 5122.11 to 5122.16 of the Revised Code, shall be examined by the staff of the hospital or services provider as soon as practicable after arrival at the hospital or services provider. Such an examination shall be held within twenty-four hours after the time of arrival, and if the chief clinical officer fails after such an examination to certify that in the chief clinical officer's opinion the person is a mentally ill person subject to court order, the person shall be immediately released."

The second prong of the res judicata analysis is also satisfied. The parties in the state court action and in the instant action are identical. As in this case, plaintiff named UCMC as the only defendant in the state court action. (*See* Doc. 7-5).

The third element of the res judicata analysis is satisfied because plaintiff raises claims in this action that were actually litigated, or which could have been litigated, in the state court action. Plaintiff brings claims in this lawsuit for violations of her Fourth and Fourteenth Amendment rights, Ohio common law, and Ohio statutory provisions governing the involuntary hospitalization of mentally-ill individuals. (Doc. 9). Plaintiff alleges that UCMC violated her due process rights and is liable for false imprisonment, assault and battery, and fraud in connection with her involuntary hospitalizations. (*Id.*). Plaintiff brought nearly identical claims in the state court action. Judge Cooper addressed plaintiff's claim that "she was held at UCMC without a court order and against her consent"; her claim "that UCMC, a private hospital, violated her Fourth and Fourteenth Amendment rights through the involuntary hospital stay"; "a medical claim based upon her care"; "claims for False Imprisonment, Assault [and] Battery, and Fraud"; and "claims under R.C. § 5122." (Doc. 7-5 at 1-2, 4). To the extent plaintiff raises any claims here that she did not bring in the state court action, all claims alleged in this lawsuit arise from her involuntary July and August 2013 hospitalizations and could have been raised in the earlier state action. The third prong of the res judicata doctrine is satisfied.

Finally, this action arises out of the transactions or occurrences that were the subject matter of plaintiff's state court action. As noted by Judge Cooper, plaintiff's state court action asserted "claims for medical malpractice and constitutional violations based on two inpatient stays at [UCMC] from July 23, 2013 through July 25, 2013, and July 29, 2013 through August 7,

2013." (Doc. 7-5 at 1). Plaintiff's claims in the state case and in this case likewise arise out of her July and August involuntary hospitalizations at UCMC.

Thus, the four elements of res judicata are satisfied here. Plaintiff seeks to relitigate the same claims against UCMC arising out of her July and August 2013 involuntary hospitalizations which she previously litigated in the Hamilton County Court of Common Pleas. Plaintiff challenges the state court's decision and argues that this Court should not follow that decision. However, the doctrine of res judicata bars her from relitigating the state court's decision on the merits of her claims in federal court. This Court is bound by the state court's determination that plaintiff's claims against UCMC were without merit. Plaintiff's complaint should be dismissed for failure to state a claim for relief. *See Harris v. Karl*, No. 2:05-CV-1133, 2006 WL 2381591, *6 (S.D. Ohio Aug. 16, 2006), *report and recommendation adopted,* 2006 WL 2583369 (S.D. Ohio Sept. 6, 2006) ("[B]ecause . . . the courts of Ohio would accord preclusive effect to the earlier state court judgment, this Court must likewise give that judgment preclusive effect" and dismiss the plaintiff's complaint for failure to state a claim for relief.)

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion requesting copies of her complaint and amended complaint from the Court (Doc. 10) is **DENIED**.

2. Plaintiff's motion to require defendant to answer the complaint (Doc. 16) is **DENIED**.

3. Plaintiff's motion to require defendant to mail copies of all pleadings to her by certified mail (Doc. 17) is **DENIED**.

4. Defendant's motions to strike plaintiff's miscellaneous motions (Docs. 18, 19) are **DENIED**.

5. Plaintiff's motion in limine (Doc. 20) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss the original complaint (Doc. 7) be **DENIED** as moot.

2. Defendant's amended motion to dismiss the amended complaint (Doc. 11) be **GRANTED.**

Date: 7/15/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOROTHY J. MARTIN,  
   Plaintiff,

Case No. 1:19-cv-667  
Barrett, J.  
Litkovitz, M.J.

vs.

UNITED STATES OF AMERICA, et al.,  
   Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).