UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dorothy J. Martin, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:19-cv-00667 |
| | ) | |
| vs. | ) | Judge Michael R. Barrett |
| | ) | |
| U.C. Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on the July 15, 2020 Report and Recommendation ("R&R") (Doc. 23) of the Magistrate Judge.

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff filed a motion for an extension of time to file her objections, which the Court granted. (Docs. 24, 25). Plaintiff thereafter filed objections by the extended deadline. (Doc. 26). Defendant filed a response to Plaintiff's objections. (Doc. 27).

Plaintiff filed this pro se civil action against Defendant U.C. (University of Cincinnati) Medical Center ("UCMC") on August 16, 2019, alleging violations of her civil rights under 42 U.S.C. § 1983 and violations of the Ohio Revised Code Chapter 5122, which governs hospitalization of the mentally ill. (Doc. 1). Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), maintaining that Plaintiff's claims are barred by the doctrine of res judicata. (Doc. 7). The next day, but apparently before she was served with a copy (by regular United States

mail) of Defendant's motion to dismiss, Plaintiff filed an amended complaint. (Doc. 9). Defendant responded with an amended motion to dismiss Plaintiff's amended complaint (Doc. 11), which was fully briefed (Docs. 14, 15) and is the subject of the Magistrate Judge's recommendation.[1]

## I.        The July 15, 2020 Report and Recommendation

The Magistrate Judge thoroughly summarizes the allegations within Plaintiff's amended complaint, which the Court will not repeat here except as necessary to give context to Plaintiff's objections to the R&R. Briefly stated, Plaintiff alleges that twice within seven days (July 23–25, 2013 and July 29–August 7, 2013), without a court order or due process of law, she was forced to stay in Defendant UCMC's psychiatric unit. During her first hospitalization, Defendant's staff members deprived her of autonomy over her body when they performed medical experiments and medical and psychological procedures on her. During her second hospitalization, Defendant's staff illegally compiled medical and mental health records and used that evidence against her in a trial in the Hamilton County, Ohio Probate Court on August 7, 2019 in the case of *In the Matter of Dorothy Martin*, No. MI 2013000626. Plaintiff alleges that her involuntary confinement violated the Fourth and Fourteenth Amendments as well as Ohio Rev. Code § 5122.19.

Plaintiff's amended complaint refers to a previous lawsuit filed by her against Defendant UCMC in the Hamilton County, Ohio Court of Common Pleas, *Dorothy J. Martin v. U.C. Medical Center*, No. A1901931. She alleges that the Hamilton County presiding judge erroneously dismissed her case on the ground that Defendant UCMC was not a state actor who could be held liable under § 1983 for violations of the Fourth and Fourteenth Amendments. This previous lawsuit underpins Defendant UCMC's amended motion to dismiss, which argues that Plaintiff is precluded from bringing her claims here under the doctrine of res judicata.

---

[1] In the same filing, the Magistrate Judge also ruled on several non-dispositive motions. (Doc. 23 at PageID 497–99, 505).

The Magistrate Judge sets forth the standard for deciding a Rule 12(b)(6) motion to dismiss and discusses at length the doctrine of res judicata and whether it forecloses relitigating the claims raised by Plaintiff in Hamilton County in this civil action. She concludes that all four elements, as applicable under Ohio law, have been met. The first element is satisfied because a court of competent jurisdiction, the Hamilton County, Ohio Court of Common Pleas, issued a valid decision on the merits of Plaintiff's constitutional claims. That decision, which Plaintiff did not appeal, is final. The second element of the res judicata analysis is met because the parties in the Hamilton County lawsuit and this civil action are identical. Plaintiff sued UCMC in state court and sues UCMC here in federal court. The third element is satisfied because Plaintiff raises claims in this civil action that actually were litigated, or could have been litigated, in the Hamilton County lawsuit. Quoting from the R&R:

> Plaintiff brings claims in this lawsuit for violations of her Fourth and Fourteenth Amendment rights, Ohio common law, and Ohio statutory provisions governing the involuntary hospitalization of mentally-ill individuals. Plaintiff alleges that UCMC violated her due process rights and is liable for false imprisonment, assault and battery, and fraud in connection with her involuntary hospitalizations. Plaintiff brought nearly identical claims in the state court action. Judge Cooper addressed plaintiff's claim that "she was held at UCMC without a court order and against her consent"; her claim "that UCMC, a private hospital, violated her Fourth and Fourteenth Amendment rights through the involuntary hospital stay"; "a medical claim based upon her care"; "claims for False Imprisonment, Assault [and] Battery, and Fraud"; and "claims under R.C. § 5122." To the extent plaintiff raises any claims here that she did not bring in the state court action, all claims alleged in this lawsuit arise from her involuntary July and August 2013 hospitalizations and could have been raised in the earlier state action.

(Doc. 23 at PageID 504 (citations omitted)). And, finally, the fourth element is met because this civil action arises out of the same events that were the subject matter of Plaintiff's Hamilton County lawsuit, namely two periods (July 23–25, 2013 and July 29–August 7, 2013) of involuntary confinement in UCMC's psychiatric unit.

## II.     Standard of Law

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III.     Analysis

Plaintiff asks the Court to "dismiss" the R&R, making four objections in support.  They will be addressed in the order made.

Plaintiff first objects to a "false" statement made by the Magistrate Judge in a footnote on page one of the R&R.  (Doc. 26 at PageID 514–15).  Describing the procedural posture of the case, the Magistrate Judge recites that Plaintiff filed a "duplicate" of her response in opposition to Defendant's amended motion to dismiss the amended complaint.  (Doc. 23 at PageID 494 n.1, referencing Doc. 14)).  Plaintiff clarifies that she filed two separate responses, one (Doc. 13) to Defendant's initial motion to dismiss (Doc. 7) and one (Doc. 14) to Defendant's amended motion to dismiss (Doc. 11).  This objection is irrelevant to the substance of the Magistrate Judge's recommendation regarding the applicability of the doctrine of res judicata and is therefore overruled.

Plaintiff next objects to "statements taken out of context" and omission of "substantiating" documents and exhibits.  (Doc. 26 at PageID 515).  She appears to take issue with the Magistrate Judge's failure (on page four of the R&R) to identify the "presiding judge" in the Hamilton County lawsuit as "Judge Cooper."  This objection also is irrelevant to the substance of the Magistrate

4

Judge's recommendation regarding the applicability of the doctrine of res judicata and is therefore overruled.

Plaintiff's third objection contends that the doctrine of res judicata cannot apply because her Hamilton County lawsuit was dismissed without a "hearing".  As such, she reasons, there was no adjudication on the merits as required by the first element in the res judicata analysis.  (*See* Doc. 26 at PageID 515–17).  Plaintiff unfortunately misunderstands the basis upon which her claims in the Hamilton County lawsuit were dismissed.  Motions to dismiss based on Ohio R. Civ. P. 12(B)(6) (failure to state a claim upon which relief can be granted) and 12(C) (judgment on the pleadings) are procedural and test the sufficiency of the complaint.[2]  *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commr's*, 65 Ohio St. 3d 545, 548, 605 N.E.2d 378 (1992).  For this reason, a trial court may not rely on evidence outside the complaint when ruling on a 12(B)(6) motion. *State ex rel. Fuqua v. Alexander*, 79 Ohio St. 3d 206, 207, 680 N.E.2d 985 (1997).  The "full and fair opportunity to prove [her] case" comes only *after* Plaintiff's complaint survives review under Rule 12(B)(6) and, likely, Ohio R. Civ. P.  56(B).  Further, Ohio R. Civ. P. 7(B)(2) expressly provides that motions may be decided without oral argument and the Hamilton County Court of Common Pleas Local Rule 14(C) makes clear that motions in civil cases will not be set for oral argument unless requested.  And, even if requested, Local Rule 14(C) provides that oral argument will be set at the discretion of the trial judge.[3]  Plaintiff's third objection, that a hearing is necessary before the doctrine of res judicata can apply, is therefore overruled.

Finally, Plaintiff objects to the circumstance of not knowing that Defendant had filed a motion to dismiss her original complaint (on September 4, 2019) before she filed her amended

---

[2] The standards for Rule 12(B)(6) and (C) motions are similar, but Rule 12(C) motions are specifically for resolving questions of law.  *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St. 3d 565, 570, 664 N.E.2d 931 (1996). When deciding a Rule 12(C) motion, a court may consider both the complaint and answer.  *Id.*
[3] Plaintiff does not assert that she requested oral argument or that her request was denied.

complaint (on September 5, 2019).  Like her first and second objections, this fourth objection is irrelevant to the substance of the Magistrate Judge's recommendation regarding the applicability of the doctrine of res judicata and is therefore overruled.  Further, it ignores the Magistrate Judge's other recommendation that the Court deny as moot Defendant's motion to dismiss Plaintiff's original complaint based on the filing of Plaintiff's amended complaint.  The substance of the Magistrate Judge's recommendation regarding the applicability of the doctrine of res judicata is based on her review of Defendant's *amended* motion to dismiss Plaintiff's *amended* complaint.

## IV.    Conclusion

Based on the foregoing and upon a de novo review, the Court **OVERRULES** Plaintiff's objections and the Magistrate Judge's July 15, 2020 R&R (Doc. 23) is **ACCEPTED** and **ADOPTED** in its entirety.   Accordingly, Defendant's motion to dismiss Plaintiff's original complaint (Doc. 7) is **DENIED as moot** and Defendant's amended motion to dismiss Plaintiff's amended complaint (Doc. 11) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court